# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

_____

**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICE AND**
**TRAINING FUND and JOHN J. SCHMITT**
**(in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

                  **Plaintiffs,**

  **v.**                                     **Case No.  13-cv-877**

**KING CUT CONCRETE CUTTERS, INC. and**
**LISA M. BEESE,**

                  **Defendants.**
_____

## COMPLAINT
_____

       NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

       1.    Jurisdiction of this Court upon Defendant King Cut Concrete Cutters, Inc. (hereinafter referred to as "King Cut") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (26 U.S.C. §185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and

Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA") and Section 301 of the LMRA, and the common law of the State of Wisconsin.

2.     Jurisdiction of this Court upon Defendant Lisa M. Beese (hereinafter referred to as "Beese") is founded upon Section 301 of the LMRA in that the Wisconsin Laborers District Council (hereinafter referred to as the "Union") is aggrieved by Beese's violation of LMRA, the terms and provisions of the Union's collective bargaining agreement, and through the Court's exercise of pendent jurisdiction of Wisconsin common law as Beese's breach of contract between her and the Union as alleged more fully below.

3.     Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that Plaintiff employee benefit plans are administered in Dane County, Wisconsin.

**Parties**

4.     Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, and Wisconsin Laborers Apprentice and Training Fund are employee benefit plans within the meaning of ERISA §§3(1),(2),(3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1),(2),(3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said plans.  Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin  53532.

5.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action.  Mr. Schmitt maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

6.      Plaintiff Wisconsin Laborers District Council (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. §158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA §302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws.  Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

8.      Defendant King Cut is a foreign corporation, organized under the laws of the State of Illinois, engaged in business with principal offices located at 5400 Fieldstone Way, McHenry, Illinois  60051.  Its registered agent for service of process is Alan E. Basford, 5400 West Elm Street, Suite 211, McHenry, Illinois  60050.

9.      Upon information and belief, Defendant Beese is an adult resident of the State of Illinois, with a residence located at 1804 Hillside Lane, McHenry, Illinois  60051, and is one of King Cut's officers, directors and/or shareholders.

## Facts

10.     King Cut is an employer and party in interest in an industry affecting commerce within the meaning of §§3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. §151, et seq.).

11.     For all times relevant, King Cut was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Union.

12.     The Union represents, for purposes of collective bargaining, certain King Cut employees and employees of other employers in industries affecting interstate commerce within the meaning of §§2(5), 9(a) and 301(a) of the LMRA (29 U.S.C. §151, et seq.).

13.     The Labor Agreements described herein contain provisions whereby King Cut agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreement.

14.     By execution of said Labor Agreement, King Cut adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

15.     By virtue of executing the Labor Agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

heretofore and hereafter adopted by the Trustees of said trust funds, King Cut has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreement;

    b.    to deduct from each employee who has so authorized, working due and to timely pay said amounts to the Union;

    c.    to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

16.    Defendant King Cut has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreement and trust agreements by, although not necessarily limited to, the following:

      a.    failing to make continuing and prompt payments to the Funds and Unions as required by the Labor Agreement and trust agreements for all of King Cut's covered employees; and

      b.    failing to accurately report employee work status to the Funds.

17.    ERISA §502(g)(2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

      (i)    interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

18.     ERISA §515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

19.     Despite demands that King Cut perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendants have wholly failed, neglected, omitted and refused to make those payments.   King Cut is now indebted to the Plaintiff Funds as follows:

Audited Period October 1, 2011 through May 31, 2012:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $ 6,267.79 |
| Wisconsin Laborers Health Fund | 9,189.60 |
| Wisconsin Laborers District Council (working dues) | 1,086.42 |
| LECET Fund | 102.12 |
| Wisconsin Laborers Apprentice and Training Fund | 270.97 |

Unaudited Period June 1, 2012 to the present:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers District Council (working dues) | Unknown |
| LECET Fund | Unknown |
| Wisconsin Laborers Apprentice and Training Fund | Unknown |

## Claim One - Against Defendant King Cut Concrete Cutters, Inc.
## Violation of ERISA §§502 and 515 (29 U.S.C. §§1132, 1145)

20.    As and for a first claim for relief against King Cut, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 19 above and incorporate the same as though fully set forth herein word-for-word.

21.    For purposes of this claim (Claim One), the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, and Wisconsin Laborers Apprentice and Training Fund, are hereinafter referred to as the "Funds."

22.    Due demand has been made by the Funds upon King Cut for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

23.    Because, as the Funds are informed and believe, King Cut has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

24.    Because King Cut has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreement and enjoined from further breaches.

- 8 -

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against King Cut as follows:

      A.     For $15,728.36, representing contributions, interest and liquidated damages owed to the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund for the audit period October 1, 2011 through May 31, 2012;

      B.     For unpaid contributions, interest and liquidated damages owed to the Funds for the period June 1, 2012 through the date this action was commenced;

      C.     For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      D.     Actual attorney fees and the costs of this action.

2.     For such other, further or different relief as the Court deems just and proper.

### Claim Two - Against Defendant King Cut Concrete Cutters, Inc.
### Violation of LMRA §301 (29 U.S.C. §185)

25.     As and for their second claim for relief, against King Cut, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 24 above and incorporate the same as though fully set forth herein word-for-ord.

26.     Due demand has been made upon King Cut for payment of all working dues outstanding and all contributions and interest due LECET Fund, but said

Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

27.     Because, as the Union and LECET Fund are informed and believe, King Cut has not paid timely and prompt working dues, and LECET Fund contributions on behalf of union members, the Union's and LECET Fund's income are reduced, and their members may be forced to pay working dues out of pocket even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union and LECET Fund are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union and LECET Fund demand the following relief:

1.     Judgment on behalf of the Union and LECET Fund and against King Cut:

    A.     For $1,188.54, representing unpaid working dues owed to the Union and contributions and interest owed to the LECET Fund for the audited period January 1, 2009 through September 30, 2011;

    B.     For unpaid working dues owed to the Union and contributions and interest owed to the LECET Fund for the period June 1, 2012 through the date this action was commenced;

    C.     For unpaid working dues owed to the Union and contributions and interest owed to the LECET Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.     Actual attorney fees and the costs of this action.

2.     For such other, further or different relief as the court deems just and proper.

### Claim Three – Wisconsin Laborers District Council Against
### Lisa M. Beese, Personally
### Civil Theft, §§ 895.44 and 943.201, Wis. Stats.

28.     As and for a claim for relief against Defendant Beese, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above and incorporate the same as though fully set forth herein word-for-word.

29.     By her intentional conduct, by virtue of her position as a shareholder, corporate officer and/or director of King Cut, Beese has retained possession of working dues without the Union's consent.

30.     Beese has intentionally retained working dues with the intent to convert said monies for her own use or for the use King Cut.

31.     By virtue of her conduct, Beese has violated Wis. Stats. §§ 895.446 and 943.20.

32.     By virtue of her intentional conduct, the Union is entitled to its costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. §895.446(3) (b), (c).

**WHEREFORE**, Plaintiffs demand the following relief:

1.     Judgment on behalf of the Union and against Beese, jointly and severally:

A.     For $1,086.42, representing unpaid working dues owed to the Union for the period January 1, 2009 through September 30, 2011;

B.     Treble (exemplary) damages of not more than $3,259.26;

- 11 -

C.   For any amounts deducted from King Cut's employees' paychecks which have not been paid to the Union for working dues for the period June 1, 2012 to the commencement of this action;

D.   Treble (exemplary) damages of not more than three times the amount deducted from King Cut's employees' paychecks which have not been paid to the Union for working dues for the period June 1, 2012 to the commencement of this action;

E.   For any amounts deducted from King Cut's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the  date of judgment;

F.   Treble (exemplary) damages of not more than three times the amount deducted from King Cut's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment; and

G.   Actual attorney fees and the costs of this action.

2.   For such other, further or different relief as this Court deems just and proper.

Dated this 23rd day of December, 2013.

<div style="margin-left: 40%;">

<u>s/Christopher J. Ahrens</u>
Christopher J. Ahrens (SBN: 1043237)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI   53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

</div>